UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ELIZABETH ANN WALDOCK,

                Plaintiff,

v.

ANDREW SAUL, Commissioner of
Social Security,

                Defendant.

DECISION & ORDER

18-CV-6597-MJP

---

## INTRODUCTION

**Pedersen, M.J.** Plaintiff Elizabeth Ann Waldock ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability benefits and Supplemental Security Income Benefits ("SSI"). Pursuant to 28 U.S.C. § 636(c), the parties have consented to the disposition of this case by a United States Magistrate Judge. (Consent to Proceed, Nov. 15, 2019, ECF No. 17.)

## BACKGROUND

On June 18, 2015, Plaintiff applied for period of disability insurance benefits and supplemental security income, alleging a disability beginning on June 24, 2015. (R 194–202.) On September 9, 2015, Plaintiff's claim was denied by the Social Security Administration. Plaintiff timely requested a hearing on November 9, 2015. (R. 117–22, 123–26.) She testified at a hearing held on February 7, 2017, in Buffalo, New York, before Administrative Law Judge ("A.L.J.") Roxanne Fuller, with Jessica Conrad, an impartial vocational expert, also present. (R. 67–97.) On June 7, 2017, the

A.L.J. issued an Unfavorable Decision, finding the Plaintiff was not disabled. (R. 7–29.) Plaintiff timely filed a request for review by the Appeals Council on June 19, 2017. (R. 191–92.) The Appeals Council denied the request for review on June 18, 2018, thereby making the A.L.J.'s decision the final decision of the Commissioner. (R. 1–6). Plaintiff timely filed this action in District Court, seeking judicial review of the A.L.J.'s decision. (ECF No. 1.)

## DISCUSSION

### *Standard of Review*

This Court's scope of review is limited to whether the Commissioner's determination is supported by substantial evidence in the record and whether the Commissioner applied the correct legal standards. *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) ("[i]n reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision"), *reh'g granted in part and denied in part*, 416 F.3d 101 (2d Cir. 2005); *see also Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) ("it is not our function to determine *de novo* whether plaintiff is disabled[;] . . . [r]ather, we must determine whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard") (internal citation and quotation omitted). Pursuant to 42 U.S.C. § 405(g), a district court reviewing the Commissioner's determination to deny disability benefits is directed to accept the Commissioner's findings of fact unless they are not supported by "substantial evidence." 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be

2

conclusive"). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation omitted).

To determine whether substantial evidence exists in the record, the Court must consider the record as a whole, examining the evidence submitted by both sides, "because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). To the extent they are supported by substantial evidence, the Commissioner's findings of fact must be sustained "even where substantial evidence may support the claimant's position and despite the fact that the [c]ourt, had it heard the evidence *de novo*, might have found otherwise." *Matejka v. Barnhart*, 386 F. Supp. 2d 198, 204 (W.D.N.Y. 2005) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983)).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the A.L.J. must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

>   (1)   whether the claimant is currently engaged in substantial gainful activity;

(2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";

(3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;

(4) if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and

(5) if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d at 383 (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

***The A.L.J.'s Decision***

In his decision, the A.L.J. followed the required five-step analysis for evaluating disability claims. (R. 12.) Under step one of the process, the A.L.J. found that Plaintiff had not engaged in substantial gainful activity since June 17, 2015, the application date. (R. 12.) At step two, the A.L.J. concluded that Plaintiff has the severe impairments of: bilateral clubfoot deformities; diabetes mellitus; migraines; depression; and adjustment disorder with anxiety (20 CFR § 416.920(c)). (R. 13.) At step three, the A.L.J. determined that Plaintiff does not have an impairment (or combination of impairments) that meets or medically equals one of the listed impairments. (R. 13–15.) With respect to mental impairments, the A.L.J. found that Plaintiff had a mild impairment understanding, remembering, or applying

4

information. (R 14.) The A.L.J. further found that Plaintiff had moderate limitations with functioning around others. (*Id*.) The A.L.J. concluded that Plaintiff has the Residual Functional Capacity ("RFC") to perform sedentary work as defined in 20 CFR § 416.967(a) except that he can occasionally climb ramps or stairs; can never climb ladders, ropes or scaffolds; can occasionally balance, stoop, crouch, kneel or crawl; is limited to no exposure to, weather extremes; is limited to only occasional exposure to moving, mechanical parts, occasional operation of a motor vehicle, and occasional exposure to unprotected heights; is able to perform simple, routine and repetitive tasks; is limited to no interaction with the public; and is limited to only occasional interaction with co-workers and supervisors. (R. 15.) At steps four and five, the A.L.J. determined that Plaintiff had no past relevant work. (R. 25.) The A.L.J. proceeded on to step five and found that jobs existed in the national and regional economy that Plaintiff could perform. (R. 25.) Accordingly, the A.L.J. found that Plaintiff was not disabled. (R. 26.)

### *Plaintiff's Contentions*

Plaintiff contends that the A.L.J.'s determination that she is not disabled is not supported by substantial evidence and is the product of legal error. Plaintiff claims that the A.L.J. erred by not giving the treating opinions of Dr. Teodoro Mariano controlling weight. (Pl.'s Mem. of Law at 10, Mar. 18, 2019, ECF 10-1.) Next, Plaintiff contends that the A.L.J. erred by making an RFC determination after finding every medical opinion carried "little weight." (*Id.* at 14.) Finally, Plaintiff maintains that the A.L.J. erred by discounting her Subjective Complaints. (*Id.* at 18.) The Court need only address the issue of Plaintiff's RFC.

# ANALYSIS

## *The A.L.J.'s Determination of the Residual Functional Capacity*

In her memorandum, Plaintiff argued that the A.L.J. erred by giving little weight to *every* treating opinion on the record and thus determining her RFC without a medical opinion. (*Id.* at 15.) The Commissioner counters that the A.L.J.'s RFC finding was supported and that the A.L.J. correctly weighed the evidence of record. (Def.'s Mem. of Law at 23, May. 3, 2019, ECF 12-1.)

At the administrative level, the A.L.J. alone assesses a claimant's RFC based on all relevant evidence of record, not just medical opinions. *See* 20 C.F.R. §§ 404.1545(a)(3), 404.1546(c); *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (the ultimate responsibility to determine a claimant's RFC rests solely with the A.L.J.); *accord Johnson v. Colvin*, 669 F. App'x 44, 46–47 (2d Cir. 2016) (citing 20 C.F.R. § 416.945(a)(3) (explaining that an A.L.J. looks to "all of the relevant medical and other evidence" including relevant medical reports, medical history, and statements from the claimant when assessing an applicant's RFC).

However, if an A.L.J. gives only little weight to all the medical opinions of record, the A.L.J. creates an evidentiary gap that warrants remand. *See Defrancesco v. Berryhill*, No. 16-CV-6575-FPG, 2017 WL 4769004, at *4 (W.D.N.Y. Oct. 23, 2017) (giving only little weight to treating physician's opinion was the equivalent of "rejection of the only physical medical opinion in the record [and] created an evidentiary gap that requires remand."); *Pryn v. Berryhill,* No. 16-CV-315-FPG, 2017 WL 1546479, at *4 (W.D.N.Y. May 1, 2017) (giving little weight to the only opinion of record "created an evidentiary gap that requires remand"); *Covey v. Colvin*, 204 F.

Supp. 3d 497, 507 (W.D.N.Y. 2016) (noting that the A.L.J.'s rejection of the treating physician's opinion created a "significant and obvious gap in the evidentiary record" because "the record contained <u>no</u> competent medical opinion regarding Plaintiff's RFC during the relevant time period") (emphasis in original). The Commissioner's memorandum claims that the A.L.J. did not "reject" every opinion. Rather, the A.L.J. accorded the weight deemed appropriate based on the A.L.J.'s evaluation of the record evidence and adopted some portions of the functional abilities and limitations set forth in those opinions. "[T]he fact that an RFC assessment does not correspond exactly to a medical expert's opinion in the record does not mean that the RFC assessment is 'just made up[.]'" *Wilson v. Colvin*, No. 6:16-CV-06509-MAT, 2017 WL 2821560, at *5 (W.D.N.Y. June 30, 2017)). While it is true that the RFC does not need to correspond exactly to an opinion, it does require that an opinion be given enough weight to rely on it for the determination of the RFC. *Marshall v. Berryhill*, No. 17-CV-6307-CJS, 2018 WL 6257430, at *2 (W.D.N.Y. Nov. 30, 2018) ("In reaching that conclusion [the RFC], the A.L.J. essentially rejected, or at least gave little weight to, the opinions of Plaintiff's treating medical sources . . . . By failing to give controlling, or even substantial, weight to any of the treating physicians, the A.L.J.'s RFC determination is not based on a medical opinion. An RFC determination made without the benefit of a medical opinion is insufficient to support the finding with substantial evidence.")

In this case, the A.L.J. assessed the treating opinion of Dr. Mariano, giving it "little weight;" his opinion was "not consistent with the record, or his own progress

notes." (R. 22.) The A.L.J. found the opinions of Dr. Yu-Ying Lin, Carolyn Ling, and Dr. T. Harding,[1] to be "ill supported" by the medical evidence of record, ultimately giving each opinion little weight and in the case of Dr. Harding, "limited weight." (R. 21, 22). *See Sweet v. Colvin*, No. 615CV0156GTSWBC, 2016 WL 4401374, at *1 (N.D.N.Y. Aug. 18, 2016). (Limited weight and little weight are used interchangeably.) Finally, the A.L.J. assessed the opinion of Ms. Deborah Lewin, Mental Health Counselor ("MHC") as worth little weight. (R. 23.) As all treating opinions were given limited or little weight, an evidentiary gap is present meaning that the A.L.J.'s RFC determination is not supported by any medical opinion and is, therefore, not supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for judgment on the pleadings (ECF No. 10), and denies the Commissioner's motion for judgment on the pleadings (ECF No. 12). Pursuant to the fourth sentence of 42 U.S.C. § 405(g), this matter is remanded to the Commissioner for an expedited hearing. The Clerk of the Court will enter judgment in favor of the Plaintiff and close this case.

IT IS SO ORDERED.

DATED: March 6, 2020
Rochester, New York

/s/ Mark W. Pedersen
MARK W. PEDERSEN
United States Magistrate Judge

---

[1] The first name of Dr. T. Harding was not in the record.

8